UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LENORA MACLIN,
*on behalf of V.S.M.*,

          Plaintiff,

v.                                               Case No. 17-cv-1614-pp

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILNG FEE (DKT. NO. 2)**

---

On November 20, 2017, the *pro se* plaintiff filed a complaint (on behalf of her daughter) seeking judicial review of a final administrative decision denying a claim for supplemental security income benefits for her daughter under the Social Security Act. Dkt. No.1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No.2.

Before allowing a plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts presented in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to pay the filing fee. The plaintiff indicates that she supports three children, who range in age from eight

1

to seventeen. Dkt. No. 2 at 1. The income listed by the plaintiff is slightly more than the expenses she claims, id. at 2-3, and she has no cash on hand or in a checking/savings account, id. at 3. The plaintiff states that she lives separately from her husband, who does not help with her expenses, and "[she] use[s] [her] entire income to take care of [her] household including [her] children." Id. The court concludes that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In her complaint, the plaintiff states that her daughter has been medically diagnosed with a mental impairment which has resulted in severe functional limitations and interferes with her daily functions. Dkt. No. 1 at 4. The plaintiff believes this should be considered a disability, and should entitle her daughter to "all SSI benefits available to her from April 25, 2011 until present and in the near future. She has Not Improved!!!" Id. At this early stage in the case, and based on the information in the plaintiff's *pro se* complaint,

2

the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision denying benefits, and that appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to appeal *in forma pauperis*. (Dkt. No.2).

Dated in Milwaukee, Wisconsin this 12th day of December, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**